IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIANNA ANN SUNSHINE, *also
known as William Allen LeRue*,

           Plaintiff,

v.                                                   CIVIL ACTION NO.  2:21-cv-00241

WILLIAM K. MARSHALL, III, *Commissioner of WV
Division of Corrections and Rehabilitation*,

           Defendant.

BRIANNA NICOLE PAIGE,

           Plaintiff,

v.                                                   CIVIL ACTION NO.  2:23-cv-00164

WILLIAM MARSHALL, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Plaintiff Brianna Ann Sunshine's Motion to Vacate Settlement Agreement as Void and Unenforceable, and Motion to Vacate and Amend Order of Dismissal With Prejudice* (Document 101 in 2:21-cv-241), the *Response in Opposition to Plaintiff's Motion to Vacate Settlement Agreement and Motion to Vacate and Amend Order of Dismissal* (Document 103), and the *Affidavit of Shelby Searls* (Document 105) and exhibits, submitted in response to a Court order entered on June 5, 2023. The Court has also reviewed the Plaintiff's *Motion to*

*Compel the St. Marys Correctional Center & Jail to Allow Brianna Ann Sunshine to Obtain the Settlement Agreement Items* (Document 107) and the Defendant's *Response in Opposition to Plaintiff's Motion to Compel* (Document 108). In addition, the Court has reviewed a *Motion to Have the Name of the Plaintiff Amended to the New Name of the Plaintiff* (Document 111), wherein the Plaintiff seeks to change her name in the case style to Brianna Nicole Paige.

The Plaintiff, Brianna Ann Sunshine/Paige,[1] is a transgender female inmate in the custody of the West Virginia Division of Corrections and Rehabilitation (DCR). She sought access to female commissary items, among other things, in this litigation, and reached a settlement with the Defendant that she understood to permit her to access all commissary items that are available to biologically female inmates. (Settlement Agreement and Release, Document 101-1.) She asserts, in both 2:21-cv-241 and in 2:23-cv-164, that the Defendants have violated the terms of the settlement agreement by refusing to provide her with a variety of commissary items available to biologically female inmates. Her claims related to the settlement agreement in 2:23-cv-164 are intertwined with declaratory judgment and other claims seeking relief under the Fourteenth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.

The Court appointed counsel[2] in 2:21-cv-241 and scheduled a hearing for October 24, 2023. During the October 24, 2023 hearing, counsel for the parties represented that they had reached broad areas of agreement: The DCR would provide the Plaintiff with access to most commissary items available to female inmates in DCR custody, including at Lakin Correctional

---

[1] There is no indication that the Plaintiff has legally changed her name, and name changes can make it difficult for the Court to identify associated cases and ensure consistent and timely rulings. Thus, the Court will deny the motion to change her name in 2:21-cv-241, and continued filings under different names will be disfavored.

[2] The Court expresses its appreciation to Michael Hissam for accepting the appointment and providing skilled representation in this matter.

Center.  The remaining area of dispute centered on the Plaintiff's access to feminine hygiene products.  The DCR denied her request for hygiene pads on the basis that they are not medically necessary.  Its counsel explained that the Plaintiff could not use hygiene pads for their intended purpose because she does not menstruate, and therefore found it was not required to provide access to them under the Settlement Agreement.  The Plaintiff, by counsel, argued that the terms of the settlement agreement and DCR Policy Directive 411 do not specify a lack of medical necessity as a basis to deny her access to commissary items available to other female inmates.  Plaintiff's counsel stressed the importance, in light of the history of this case, of clear and consistent enforcement of the Settlement Agreement, as reduced to its basic premise: commissary items available to female inmates should be made available to the Plaintiff.

The Settlement Agreement provides that "[c]onsistent with West Virginia Division of Corrections and Rehabilitation Policy Directive 411.00, female commissary items will be made available to the Plaintiff for purchase," subject to exceptions related to availability and security. (Settlement Agreement at ¶ 1.)  Policy Directive 411.00 provides:

> III. Accommodations for transgender and intersex inmates/residents will be made as appropriate.
>   A. Inmates/residents may request property items through the commissary or other allowable methods from the desired gender's approved items.
>     1. Undergarments of the preferred gender are provided on the condition that they are not visible to others or worn in a manner that is disruptive.
>     2. Cosmetics may be purchased from the Commissary and used in the intended manner.  Any misuse or attempt to compromise security will result in the cosmetics being removed from the inmate's/resident's property indefinitely.
>     3. Other requests will be considered by the Superintendent/designee on a case-by-case basis, with facility safety and security issues being a determining factor.

(Att'd at Document 101-1.)

Plaintiff's counsel urged the Court to construe her motion to vacate the settlement agreement, filed pro-se, as a motion to enforce the settlement agreement to better reflect the relief requested. "[W]e hold [pro-se pleadings] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Given that the Plaintiff raised enforcement of the settlement agreement in motions and in her newly-filed civil action, the Court finds that the Defendants received sufficient notice of that request for relief and that it is properly before the Court.

"The law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." *Certain Underwriters At Lloyd's, London, Subscribing To Pol'y No. B0711 v. Pinnoak Res., LLC*, 674 S.E.2d 197, 200 (W. Va. 2008). Principles of contract interpretation apply to settlement agreements. *E. Coast Repair & Fabrication, LLC v. United States through Dep't of Navy*, 16 F.4th 87, 91 (4th Cir. 2021). "A valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." *Zimmerer v. Romano*, 679 S.E.2d 601, 610 (W. Va. 2009) (quoting Syl. pt. 1, *Cotiga Development Company v. United Fuel Gas Company*, 128 S.E.2d 626 (W. Va. 1963)).

Upon careful review of the language contained in the Settlement Agreement and in Policy 411.00, the Court finds that the terms of the Settlement Agreement require that the Plaintiff be permitted to purchase all female commissary items available to female inmates within DCR

custody.[3]  As the terms of the Settlement Agreement make clear, the Defendants are not obligated to make available items not otherwise available from the commissary provider, items prohibited in punitive segregation, administrative segregation, or similar restrictions, and the Plaintiff may not use items possessed pursuant to the settlement agreement in a way that violates DCR policies. Counsel for the DCR did not suggest, in briefing or argument, that hygiene pads present a specific security risk or that facility safety and security concerns played a determining role in the decision to deny the Plaintiff access to them.  The DCR also did not contest the Plaintiff's representation that female inmates are permitted to purchase and possess two boxes of either hygiene pads or tampons at a time.  Therefore, the Court finds that the Plaintiff's motion to enforce the Settlement Agreement should be granted.

Wherefore, after careful consideration, the Court **ORDERS** that *Plaintiff Brianna Ann Sunshine's Motion to Vacate Settlement Agreement as Void and Unenforceable, and Motion to Vacate and Amend Order of Dismissal With Prejudice* (Document 101 in 2:21-cv-241), construed as a motion to enforce the Settlement Agreement, be **GRANTED** as set forth herein.  The Court further **ORDERS** that the Plaintiff's *Motion to Compel the St. Marys Correctional Center & Jail to Allow Brianna Ann Sunshine to Obtain the Settlement Agreement Items* (Document 107 in 2:21-cv-241) be **DENIED as moot** and that the *Motion to Have the Name of the Plaintiff Amended to the New Name of the Plaintiff* (Document 111) be **DENIED**.

---

3 In interpreting the terms of the Settlement Agreement, the Court is mindful that "consideration is an essential element of a valid contract" and a contract is void absent valuable consideration.  *Chesapeake Appalachia, L.L.C. v. Hickman*, 781 S.E.2d 198, 216 (W.Va. 2015).  In some briefing, the Defendants appear to suggest that the Settlement Agreement provided no additional access to commissary items for the Plaintiff, which would render it without consideration.

The relief granted herein appears to largely resolve the claims presented in 2:23-cv-164, as the allegations therein center around the breach of the Settlement Agreement and lack of access to commissary items available to female inmates. Therefore, the Court **ORDERS** the Plaintiff to notify the Court, no later than **November 15, 2023**, as to whether she intends to continue to litigate 2:23-cv-164.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 27, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA